Peter E. Perkowski
PERKOWSKI LEGAL, PC
515 S. Flower Street
Suite 1800
Los Angeles, CA 90071
T: (213) 340-5796

Counsel for Plaintiff BACKGRID USA, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
:
BACKGRID USA, INC.,                              :    No. 1:26-cv-6236
:
               *Plaintiff*,                              :    **COMPLAINT FOR COPYRIGHT**
                                    :    **INFRINGEMENT**
v.                                               :
:
ISABELLA KHAIR HADID,                            :
:
               *Defendant*.                              :    *JURY TRIAL DEMANDED*
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

Plaintiff BackGrid USA, Inc., for its complaint against defendant Isabella Khair Hadid, professionally known as Belle Hadid, alleges as follows:

## JURISDICTION

1.      This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

2.      Plaintiff BackGrid is an entity organized and existing under the laws of the State of California with its principal place of business in El Segundo, California.

1

3.      BackGrid is a premier celebrity news and photo agency that provides the world's news outlets with real-time content from top photographers. BackGrid also maintains libraries of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

4.      BackGrid licenses its photographs to leading magazines, newspapers, and editorial clients, throughout the world. BackGrid conducts business as a syndicator of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

5.      Ms Hadid is a model, businesswoman, and entrepreneur. Her business interests include or have included modeling women's clothing, fragrance lines, make-up products, and reality television appearances.

6.      On information and belief, Ms Hadid is domiciled in the State of Texas.

7.      On information and belief, Ms Hadid owns and operates, or is otherwise responsible for the content on, the Instagram account @bellahadid.

8.      This Court has personal jurisdiction over Ms Hadid under New York's long-arm statute because his contacts with the State are so continuous and systematic that exercising jurisdiction would be consistent with due process.

9.      Ms Hadid's contacts with New York include: (a) doing business with New York business interests, including IMG Models New York, her modeling agency, and its Senior Vice President Luis Mattos, and (b) making frequent public appearances at high profile social events and other engagements.

10.     These contacts are the result of deliberate and intentional conduct purposefully directed toward New York, on the part of Ms Hadid, and plaintiff's claims against her arise from

2

those contacts—namely, her appearance at Prince's Trust Gala at Cipriani in Manhattan. Given those extensive and purposeful contacts, exercising personal jurisdiction over Ms Hadid would be reasonable and consistent with due process.

11.     Venue is this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

**A.     The copyrighted photographs**

12.     BackGrid is the owner and copyright holder of three photographic images (the "Images") as follows:

a.     BackGrid Images 1 and 2 depict Ms. Hadid in a stunning black dress arriving at the Prince's Trust Gala in New York City. Within 90 days of first publication, BackGrid Images 1 and 2 were registered with the U.S. Copyright Office as Registration No. VA 2-311-776 (eff. July 19, 2022).

b.     BackGrid Image 3 depicts an aerial view of the burned-out ruins of a mansion featured in the reality television program The Real Housewives of Beverly Hills, which was destroyed in the Palisades fire. Within 90 days of first publication, BackGrid Image 3 was registered with the U.S. Copyright Office as Registration No. VA 2-440-617 (eff. Jan. 24, 2025).

**B.     The infringements**

13.     BackGrid never licensed the Images to defendant. Nevertheless, defendant used the Images without authorization or permission to do so, and without paying a license fee.

14.     Defendant or its agents copied BackGrid Images 1 and 2 and displayed each on Instagram on April 30, 2022, by posting them to the @bellahadid account.

15.     Defendant or its agents copied BackGrid Image 3 and displayed it on Instagram on or around January 10, 2025, by posting it as a story on the @bellahadid account.

16.     BackGrid discovered the infringements, through the exercise of reasonable diligence, on or about January 10, 2025.

**C.     The infringements harmed BackGrid**

17.     The Images are creative, distinctive, and—as evidenced by defendant's use and misappropriation of them—valuable. Because of the Images' quality, visual appeal, and celebrity subject matter, BackGrid stood to gain revenue from licensing them.

18.     But defendant's unauthorized use of the Images harmed the market for them. Defendant's Instagram posts made the Images immediately available to its numerous followers and to the public, including consumers of entertainment and fashion news who would otherwise be interested in viewing licensed versions of the Images in the magazines, newspapers, and online publications that are BackGrid customers.

**D.     The infringements were willful.**

19.     As a fashion model and celebrity, Ms. Hadid operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, Ms. Hadid was aware of the importance of copyright protection and knew that she needed to have but did not have permission to use the Images, and/or she acted recklessly by posting the Images without determining whether she had the right to do so.

20.     Ms. Hadid was also aware of the need to obtain permission from the copyright holder to post images of herself because, on information and belief, she has been accused of copyright infringement under similar circumstances in the past.

///

4

## CLAIM ONE

### Copyright Infringement

21.     All prior paragraphs are incorporated into this claim.

22.     Plaintiff is the copyright owner of the protected Images named above in this Complaint.

23.     Defendant has reproduced, displayed, or otherwise copied the Images without plaintiff's authorization or license.

24.     The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to copy, display, and reproduce their works to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

25.     Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

26.     Plaintiff suffered damages as a result of defendant's unauthorized use of the Images.

27.     Having timely registered his copyright in the Images, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

28.     On information and belief, defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

29.     In the alternative, plaintiff is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

30.     Within the time permitted by law, plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

31.     Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands judgment against defendant as follows:

A.      For a preliminary and permanent injunction against defendant and anyone working in concert with it from further copying or displaying the Images;

B.      For an order requiring defendant to account to plaintiff for its profits and any damages sustained by plaintiff arising from the acts of infringement;

C.      As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Images used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

D.      For actual damages and all profits derived from the unauthorized use of the Images or, where applicable and at plaintiff's election, statutory damages;

E.      For an award of pre-judgment interest as allowed by law;

F.      For reasonable attorney fees;

G.      For court costs, expert witness fees, and all other costs authorized under law;

H.      For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues permitted by law.


Dated: July 22, 2026                    PERKOWSKI LEGAL, PC

                                        By:  /s/ Peter Perkowski
                                             Peter E. Perkowski (#5934765)
                                        515 S. Flower Street, Suite 1800
                                        Los Angeles, CA 90071
                                        Tel: (213) 340-5796
                                        peter@perkowskilegal.com

                                        *Counsel for Plaintiff BackGrid USA, Inc.*